GROVER C. BLUMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28380. Promulgated July 3, 1931.

*Wayne Ely, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

1046

## OPINION.

MARQUETTE: The petitioner contends that on or about December 30, 1923, he and his wife formed a partnership to conduct the business of Blumer's Food Store, which partnership became effective January 1, 1924, and so continued throughout that year. The respondent has determined that the petitioner's business was conducted as a sole proprietorship during 1924, just as it had been theretofore, and on that basis deficiency in income taxes was asserted.

In support of his contention the petitioner offers a copy of the partnership agreement, the pertinent portions of which are set forth in our findings of fact; and the petitioner himself testifies that the agreement was signed some time in 1924, but he is unable to fix the month. As against that evidence, petitioner's wife testifies that the agreement was not signed until the latter part of 1924, or early 1925; one of the witnesses to the agreement, who was petitioner's cashier, testifies that both parties to the agreement signed it in her presence and that the signing took place late in 1924 or early in 1925; the accountant who closed petitioner's books and made out his tax returns testifies that "about November" 1924 petitioner asked him whether income taxes would be reduced if the food store business was owned by a partnership rather than individually, and that later petitioner told the accountant that a partnership agreement had been properly signed, but did not exhibit the document.

From all the evidence offered we are clearly of opinion that the agreement was not signed, and that no partnership between the

petitioner and his wife existed earlier than some time in November, 1924, at best, and very possibly not before the close of that year. Manifestly, therefore, the petitioner has not overcome the presumption that the respondent's determination of a deficiency in 1924 income tax was correct.

The respondent also asserted a penalty against the petitioner under section 275 (b) of the Revenue Act of 1924. That section reads as follows:

If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

Section 907 (a) of the Revenue Act of 1926, as amended by section 601 of the Revenue Act of 1928, relating to hearings before this Board, provides:

* * * In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, where no hearing has been held before the enactment of the Revenue Act of 1928, the burden of proof in respect of such issue shall be upon the Commissioner. * * *

Assuming, but not deciding, that under the laws of Missouri the petitioner and his wife might lawfully form a business partnership together, the fact that the motive for such a partnership was to reduce income taxes in the future would not constitute fraud, if the means employed were legal. *United States* v. *Isham*, 17 Wall. 496; *Fraser* v. *Nauts*, 8 Fed. (2d) 106; *Ford* v. *Nauts*, 25 Fed. (2d) 1015; *J. M. Walsh*, 18 B. T. A. 571.

But the petitioner was not content to reduce his income taxes for future years only, through the device of a partnership. He caused an agreement to be drawn dated December 30, 1923, which purported to create at that time a partnership between himself and his wife, effective on January 1, 1924. That agreement, the petitioner admits upon cross-examination, was not executed until some time in 1924; other evidence establishes that it was not executed until, at best, within the last two months of that year. There is nothing in the agreement giving to it any retroactive effect. It is a forward-looking document only, and is the basis of petitioner's contention that a partnership existed throughout the year 1924. We can not escape the conclusion that the petitioner knew, when he signed and swore to his personal income-tax return and to the partnership return, both for the year 1924, that no such partnership existed from the beginning of that year and, therefore, he knew that each of those returns was false. It is clear, also, that the purpose of those returns was to evade a portion of the tax upon his income for that year. In our opinion the respondent's determination of fraud is amply sustained by the

record. The plea of the petitioner that he relied upon an accountant to prepare his tax return can not justify the false statements in his return, especially in view of the fact that he did not exhibit the partnership articles to the accountant while the return was being prepared, but, instead, falsely stated that the agreement was effective for the entire taxable year. *D. C. Clarke*, 22 B. T. A. 315; *Estate of E. A. Wickham*, 22 B. T. A. 1393.

*Judgment will be entered for the respondent.*